UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | No. 3:06-00013 |
| | ) | Judge Echols |
| **ERNEST LEROY JONES** | ) | |

<u>ORDER</u>

Pending before the Court is Defendant's Motion for New Trial and/or Motion for Court to Reconsider Ruling on Defendant's Motions to Suppress (Docket Entry No. 69), to which the Government has responded in opposition (Docket Entry No. 70). Defendant seeks reconsideration of his Motions to Suppress or a new trial on the grounds that certain trial testimony contradicted testimony given at the evidentiary hearing on the Motions to Suppress.

This is a bank robbery case which arose after the U.S. Bank located at 747 Fesslers Lane, Nashville, Tennessee was robbed on January 9, 2006. Witnesses described the robber as a black male driving a late 1980's or early 1990's maroon Pontiac Bonneville with extensive damage to the front end and masking tape over the brake lights. A vehicle matching that description was located at the Executive Inn at 970 Murfreesboro Road in Nashville, Tennessee, and Detectives Harris and Carroll of the violent crime task force responded to the scene. Purportedly, Defendant confessed to the robbery and consented to the search of his vehicle and motel room. A jury convicted the Defendant of bank robbery in violation of 18 U.S.C. § 2113(a).

1

After an evidentiary hearing, the Court entered an Order and Memorandum relating to Defendant's Motions to Suppress. In the factual findings, the Court credited testimony from Detective Harris and found that Defendant confessed to robbing the U.S. Bank after being handcuffed and placed in the back of a squad car between Detective Harris and Detective Carroll. The Court also found that Defendant then consented to having his automobile and motel room searched. However, at trial, Detective Carroll (who did not testify at the suppression hearing) testified that at no time were he, Defendant, and Detective Harris together in the back of the police car and that, in fact, "[t]here's simply not enough room for three individuals to be in the back seat at the same time." (Docket Entry No. 66 at 105). Detective Carroll stated both he and Detective Harris were in the back of the police vehicle with Defendant on separate occasions.

While there is in fact a discrepancy in the statements as between Detective Harris and Detective Carroll, this is not a ground for reconsidering the Motions to Suppress. This is because even if Detective Carroll had testified at the suppression hearing, the result would have been the same; to wit, the Court would have found that Defendant confessed to robbing the U.S. Bank and consented to the search of his vehicle and motel room. This is borne out by Detective Carroll's testimony at trial wherein he stated that (1) in the presence of Detective Harris "somewhere around the police vehicle" he <u>Mirandized</u> Defendant and Defendant

2

voluntarily answered questions; (2) Defendant initially denied robbing the U.S. Bank but later admitted robbing the bank because he owed a debt and had some "personal issues"; (3) Defendant said he used a flattened soda bottle with sticks taped to it as a "gun" during the robbery; and (4) Defendant voluntarily consented to the search of his Pontiac Bonneville and his room at the Executive Inn and signed a "Consent to Search" form to that effect. (Docket Entry No. 66 at 74-80). Clearly, Detective Carroll's testimony solidified Detective Harris' testimony on the critical issues of whether Defendant consented to a search of his vehicle and motel room, and whether Defendant confessed to the crime. The discrepancy as to where the confession occurred and where the consent was obtained (in the back seat or in the vicinity of the police car) is of little significance particularly since this Court found as a fact that Defendant's testimony at the suppression hearing that he did not confess and that the "Consent to Search" form was signed "after the fact" was not credible.

Nor is the conflict in testimony as between Detectives Harris and Carroll a proper basis for granting a new trial. Under Rule 33 of the Federal Rules of Criminal Procedure, a Motion for New Trial "must be filed within seven days after the verdict or finding of guilty," unless it is based upon newly discovered evidence. In this case, the jury returned its verdict on July 14, 2006, and the Motion for New Trial was not filed until May 25, 2007. Therefore,

3

to be timely, the Motion for New Trial must be based upon "newly discovered evidence."

However, facts which a defendant becomes aware of during trial do not constitute "newly discovered evidence." United States v. Seago, 930 F.2d 482, 487 (6th Cir. 1991). Moreover, to receive a new trial based upon "newly discovered evidence," a Defendant must show that the new "'evidence would likely produce an acquittal.'" United States v. Blackwell, 459 F.3d 739, 768 (6th Cir. 2006)(citation omitted).

The purported "new evidence" in this case, Detective Carroll's testimony, was "discovered" during trial, not after. In any event, his testimony only solidified the basis for the jury finding the Defendant guilty since he testified that Defendant admitted to the bank robbery and that, after Defendant consented to a search of his vehicle and motel room, officers discovered the fabricated "gun" in the Bonneville and $2,415 in proceeds from the bank robbery in Defendant's motel room.

Accordingly, Defendant's Motion for a New Trial and/or Motion for the Court to Reconsider Ruling on Defendant's Motions to Suppress (Docket Entry No. 69) is hereby DENIED.

It is so ORDERED.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE

4